UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GARY FRANKLIN ROBINSON,

                     Plaintiff,

      v.                                             9:13-CV-1545
                                                   (GTS/TWD)

BRIAN FISCHER,

                     Defendant.

---

APPEARANCES:

GARY FRANKLIN ROBINSON
95-B-2335
Plaintiff, pro se
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

**I.**     **INTRODUCTION**

The Clerk has sent to the Court a pro se complaint filed by plaintiff Gary Franklin Robinson pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application"). Plaintiff has also filed a motion for preliminary injunctive relief. Dkt. No. 9. For the reasons set forth below, plaintiff's IFP Application is granted; plaintiff's complaint is sua sponte dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and plaintiff's motion for preliminary injunctive relief is denied.

## II. IFP APPLICATION

Upon review of plaintiff's IFP Application (Dkt. No. 4), the Court finds that plaintiff has demonstrated economic need and has submitted the inmate authorization form required in this District. As a result, the Court grants plaintiff's IFP Application.

## III. SUA SPONTE REVIEW OF PLAINTIFF'S COMPLAINT

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from a governmental entity or an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

### A. Governing Legal Standard

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211 nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court

3

has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34(1)(b) at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-84 (2009).

Most notably, in *Bell Atl. Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561-63. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 555-72. The Court explained that, while this does not mean that a pleading

4

need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 555-56. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

5

This pleading standard applies even to pro se litigants. While the special leniency afforded to pro se civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a pro se plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[2] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even pro se civil rights plaintiffs must follow.[3] Stated more simply, when a plaintiff is proceeding pro se, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp. 2d at 214 n.28 (citations omitted).[4]

With this standard in mind, the Court will review plaintiff's complaint.

## B.  Review of the Complaint

Plaintiff brought this action under Section 1983 which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42

---

[2] *See Vega v. Artus,* 610 F. Supp. 2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[3] *See Vega*, 610 F. Supp. 2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[4] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (emphasis added). That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 550 U.S. at 555 n.3 (citing *Conley*, 355 U.S. at 47) (emphasis added). That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact alleged (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

6

U.S.C. § 1983)) (footnote omitted).

Although most of his complaint is rambling and far from clear, construed liberally, the gravamen of plaintiff's complaint is that he is a "Sovereign American," and is being held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") pursuant to an invalid contract, or no contract. Compl. at 1. Plaintiff claims that, because he is "sovereign," the only way that the government can have authority over him is through a contractual agreement. *Id.* at 2-4. As relief, plaintiff seeks his immediate release from incarceration, as well as monetary damages resulting from both the alleged illegal confinement, and from his rights as a sovereign.[5] *See generally* Compl. Plaintiff also requests that his "criminal records, photos, fingerprints, [and] blood samples" relating to his criminal conviction be returned to him. *Id.* at 6. For a more complete statement of plaintiff's claims, refer to the complaint.

### 1. Request for Immediate Release

Insofar as plaintiff seeks his immediate release from prison, his claims are not cognizable in this Section 1983 action. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that habeas corpus was the appropriate remedy for prisoners challenging the fact or duration of their confinement. *See id.* at 490; *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (noting that "habeas corpus – not a § 1983 action – provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment . . . ." (citing *Preiser*, 411 U.S. at 488-90). Although plaintiff styles his pleading

---

[5] Plaintiff attached a number of documents that he has executed purporting to renounce "all allegiance to the Foreign Venue and Jurisdiction . . . of and within the United States (Washington DC)." Dkt. No. 1-1 at 2. Plaintiff also claims to be "not subject to . . . the Corporate United States of America, the Corporate State of New York, and/or any other Corporate Governmental body, whatsoever, without a valid contract." *Id.* at 1.

as a civil rights complaint, Section 1983 does not provide a remedy for what plaintiff claims is his unlawful detention by DOCCS.

Therefore, to the extent that plaintiff seeks his immediate release from incarceration, that claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted under Section 1983.

## 2. Request for Monetary Damages and Injunctive Relief

Plaintiff seeks monetary damages for his alleged unlawful confinement by DOCCS and injunctive relief in the form of directing defendant to return plaintiff's criminal records to him. Compl. at 6. Liberally construed, the request for the return of his records is in essence a request to expunge any reference to plaintiff's criminal conviction.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a Section 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 486-87.[6] "*Heck* uses the word 'sentence' interchangeably with . . . 'continuing confinement' and 'imprisonment,'" thus, any shortening of a term of confinement will be subject to the rule in *Heck*. *Wilkinson v. Dotson*, 544 U.S. 74, 83-84 (2005) (quoting *Heck*, 512 U.S. at 483, 486) (other citation omitted); *see also Jude v. New York State*, No. 07 Civ. 5890, 2009 WL 928134, at *6 (S.D.N.Y. Mar. 30, 2009) (citing cases). Indeed, an inmate's Section 1983 action is barred by *Heck* "(absent prior invalidation) - no matter the

---

[6] Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).

8

relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82 (emphasis in original); *see also Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 201 (S.D.N.Y. 2004) (denying plaintiff's request for injunctive relief where plaintiff sought "to compel specific action pertaining to the content of [his] parole records").

Here, plaintiff's claims for monetary damages and injunctive relief are both predicated upon his assertion that he is illegally incarcerated by DOCCS. An award of monetary damages for his incarceration or the expungement of his criminal record would each necessarily imply that his conviction was invalid. The allegations in the complaint are not sufficient to allow the Court "to draw the reasonable inference" that plaintiff has established, as he must, that he has been illegally detained; that he was improperly convicted, or that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.[7] Thus, plaintiff's claims for monetary damages and injunctive relief are barred by *Heck v. Humphrey*.

Accordingly, plaintiff's claims for monetary damages for his alleged unlawful incarceration and injunctive relief seeking expungement of his criminal records are dismissed in their entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[7] The Court notes that plaintiff has been denied habeas relief twice. *See Robinson v. Portuondo*, No. 6:01-CV-6154 (W.D.N.Y.) (dismissing habeas petition as untimely), *appeal dismissed*, *id.*, Dkt. No. 10; *Robinson v. Smith*, No. 6:03-CV-6633 (W.D.N.Y.), Dkt. No. 9 (Second Circuit Mandate denying leave to file a second or successive habeas petition).

9

### 3. Claims Based Upon "Sovereign Citizenship"

The Second Circuit has described "sovereign citizens" as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."[8] *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013). The "sovereign citizen" belief system has been described by other courts as "completely without merit," "patently frivolous," *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), and having "no conceivable validity in American law," *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990).

The Court therefore concludes that, to the extent plaintiff's claims are premised on his rights as a "sovereign citizen," those claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, and because such claims are frivolous.

### 4. Plaintiff's Failure to Personally Sign the Complaint

Plaintiff has not personally signed the complaint. *See* Compl. at 6-7. Instead, the complaint is signed by Shailee Johnson, as power of attorney for plaintiff. *Id.* Rule 11(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") states:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

---

[8] Although plaintiff refers to himself as a "Sovereign American," the beliefs he subscribes to mirror those of sovereign citizens. "Sovereign citizens apparently also believe that, by entering into contracts with the federal government or by receiving benefits from it, they lose their birthright of sovereign citizenship." *Gauthier v. Kirkpatrick*, No. 2:13-CV-0187, 2013 WL 6407716, at *17, n.18 (D.Vt. Dec 9, 2013) (citation omitted).

10

Fed. R. Civ. P. 11(a).[9] By statute, parties appearing in a federal court may "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654; *see Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). "Although [section] 1654 thus recognizes that an individual generally has the right to proceed pro se with respect to his *own* claims or claims against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves." *Berrios*, 564 F.3d at 132 (internal quotation marks omitted; emphasis in original). This rule recognizes that "a non-attorney creates unusual burdens" for his adversary, the court, as well as the party he intends to represent. *Berrios*, 564 F.3d at 133; *see also Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) (because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause); *Phillips v. Tobin*, 548 F.2d 408, 411 n.3 (2d Cir. 1976). Shailee Johnson purports to sign on plaintiff's behalf as plaintiff's power of attorney. There is no indication that Shailee Johnson is a lawyer. Even assuming that Shailee Johnson is authorized to act on plaintiff's behalf in legal matters under a power of attorney, this does not overcome the requirement under section 1654 "that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel." *Berrios*, 564 F.3d at 134. "A power of attorney does not allow that person to proceed pro se on behalf of their principal[.]" *Clark v. Burge*, No. 06-CV-0658, 2007 WL 1199475, at *2 (W.D.N.Y. Apr. 19, 2007).[10] Accordingly, in the event that plaintiff submits a pro se amended

---

[9] Rule 10.1(c)(2) of the Local Rules of Practice of this District also requires that all documents submitted to the Court must include the original signature of the attorney or the pro se litigant.

[10] *See also Megna v. U.S. Department of Navy*, 317 F. Supp. 2d 191, 192 (E.D.N.Y. 2004) ("Although New York General Obligations Law § 5-1502H authorizes an agent holding a sufficient power of attorney '[t]o assert and prosecute before any court ... any cause of action ... which the principal has, or claims to have, against any individual,' that statute only permits the agent to hire on behalf of her principal, *see e.g., In re*

11

complaint, as discussed below in Part III.C., plaintiff must personally sign the amended complaint.

### C. Dismissal With or Without Leave

Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.[11]

Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted), *accord, Brown v. Peters*, No. 6:95-CV-1641 (RSP/DS), 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v.*

---

*Khoubesserian*, 264 A.D.2d 599, 600, 695 N.Y.S.2d 312, 314 (2d Dep't 1999), *leave to appeal denied*, 94 N.Y.2d 757, 704 N.Y.S.2d 532, 725 N.E.2d 1094 (1999), not to commence an action pro se in the name of her principal.").

[11] *Shuler v. Brown*, No. 07-CV-0937, 2009 WL 790973, at \*5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 07-CV-1264, 2009 WL 632890, at \*5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *Abascal v. Hilton*, No. 04- CV-1401, 2008 WL 268366, at \*8 (N.D.N.Y. Jan.130 2008) (Kahn, J., adopting, on de novo review, Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, No. 01-CV-3933, 2002 WL 31399119, at \*2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion if movant has repeatedly failed to cure deficiencies in pleading).

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

This rule applies even to pro se plaintiffs. *See,* e.g., *Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355, at *1. As explained above in Part III.A. of this Decision and Order, while the special leniency afforded to pro se civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a pro se plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12. Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even pro se civil rights plaintiffs must follow.

Here, because the Court finds that any amendment of any of plaintiff's claims based upon his status as a sovereign citizen are without merit, and wholly frivolous, the Court dismisses those claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

The Court reaches a different conclusion with regard to plaintiff's remaining claims which challenge his conviction and seek monetary damages or injunctive relief arising from his alleged illegal incarceration. Granted, the Court has some difficulty finding that the defects in these claims are merely formal. However, the Court is mindful of the special

13

solicitude that should be afforded to pro se civil rights litigants. For that reason, these claims are dismissed without prejudice.[12]

In light of his pro se status, the Court will afford plaintiff the opportunity to file an amended complaint as to those claims dismissed without prejudice. *See Gomez*, 171 F.3d at 796. In any amended complaint that plaintiff submits in response to this Decision and Order, he must set forth a short and plain statement of the facts on which he relies to support his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights and that he presently has the right to proceed with his claims in this action. Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Plaintiff is also advised that he must **personally sign** any amended complaint that he submits.

If plaintiff fails to submit an amended complaint, personally signed by him, within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss the remainder of this action in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**D.     Motion for Preliminary Injunctive Relief**

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting

---

[12] *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

14

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.*; *see Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

Here, the Court has determined that plaintiff's complaint is insufficient and that an amended complaint must be filed if this action to proceed. Without a valid pleading, plaintiff can not possibly establish that his claim has a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief, let alone the "clear showing" that must be made for the mandatory injunctive relief that he seeks.

Therefore, plaintiff's motion for injunctive relief is denied without prejudice to file a new motion if and when plaintiff has filed an amended complaint and the amended complaint survives sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

**IV. CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 4) is **GRANTED**;[13] and it is further

**ORDERED** that the Clerk shall provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 5), and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's authorization form (Dkt. No. 5) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that all of plaintiff's claims based upon his status as a sovereign citizen are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and as frivolous; and it is further

**ORDERED** that the remainder of plaintiff's complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must, **within thirty (30) days** from the filing date of this Decision and Order file an amended complaint as set forth above, which **must be personally signed by plaintiff**; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order this matter be returned to the Court for further review; and it is further

---

[13] Plaintiff should note that although his IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

16

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that the remainder of this action is **DISMISSED without prejudice without further order of this Court** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:   March 31, 2014
         Syracuse, NY

Hon. Glenn T. Suddaby
U.S. District Judge

17